IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GHANSHYAMBH CHAUDHARI,<br><br>Defendant. | **4:26CR3018**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Appeal of the Magistrate Judge's Order of Detention. (Filing No. 31.) The Court has reviewed the matter in its entirety, including, but not limited to, the parties' briefing, evidence, and transcript. For the reasons explained below, the Magistrate Judge's Order will be affirmed.

## BACKGROUND

Defendant, a citizen of India, was charged in a five-count indictment with Harboring an Alien for Commercial Gain and Transportation of an Alien in violation of 8 U.S.C. § 1324. (Filing No. 1.) On April 22, 2026, Defendant appeared before the Magistrate Judge for a detention hearing. (Filing No. 19.) At the hearing, the Court was advised that Defendant was unlawfully in the United States and that ICE had issued a detainer against him. The Government did not seek detention, and Defendant was released on conditions. (Filing No. 19; Filing No. 21.)

Following his release, Defendant was immediately transferred into ICE custody and was detained by ICE pending removal proceedings. (Filing No. 30; Filing No. 31-1.) Defendant did

not contest his removal from the United States and on May 20, 2026, the immigration court issued a final order of removal for Defendant. (Filing No. 25-1.) Defendant did not appeal.

On June 9, 2026, the Government filed a Motion to Review Release Order. (Filing No. 25.) A hearing regarding the matter was held before the Magistrate Judge on June 15, 2026. (Filing No. 29; Filing No. 30.) The Magistrate Judge granted the Government's motion, finding there was a change of circumstances warranting reopening of detention. (Filing No. 29.) After considering the matter, the Magistrate Judge determined that Defendant posed a risk of non-appearance and that there were no conditions or combination of conditions that would sufficiently alleviate the risk. (Filing No. 29.) Therefore, Defendant was ordered detained pending trial. (Filing No. 29.)

**DISCUSSION**

Defendant contends that the Magistrate Judge erred in concluding that the immigration court's removal order and Defendant's acceptance of removal created a risk of nonappearance and that no condition or combination of conditions would reasonably ensure his appearance. Defendant maintains that the relevant facts underlying the Magistrate Judge's original detention analysis have not changed. Defendant argues that his compliance with immigration authorities and acceptance of removal does not mean he must automatically be detained pending trial. The Court finds Defendant's argument unpersuasive.

A change of circumstances has certainly occurred. At the time of the first detention hearing, the outcome of the immigration proceedings was speculative. The Court did not know Defendant would be subject to a removal order, much less that Defendant would agree to his removal from the country. *See United States v. Montoya–Vasquez*, No. 4:08CR3174, 2009 WL 103596, at *4 (D. Neb. Jan. 13, 2009) (finding that the risk of removal by ICE did not warrant detention, stating that the court could not "address the risk of ICE removing the defendant from the United States without speculating about what the Immigration Judge may do. Speculation is not evidence, much less preponderating evidence"). Defendant's removal is now imminent and, through his acquiescence to removal, Defendant has expressed his intention to not appear for further proceedings in this case. *See United States v. Guzman*, Crim. No. 20-10004-DJC (D. Mass. Feb. 25, 2020). The Court agrees with the Government that Defendant should not be permitted to effectively stop these criminal proceedings by agreeing to his removal from the country. Under these circumstances, the Government has established, by a preponderance of the evidence, that no condition or combination

of conditions of release will reasonably assure Defendant's appearance. Therefore, the Magistrate Judge's detention order will stand.

Accordingly,

**IT IS ORDERED** that Defendant's Appeal of the Magistrate Judge Order of Detention (Filing No. 31) is denied and the Magistrate Judge's Order of Detention is affirmed.

Dated this 23rd day of July, 2026.

BY THE COURT:

Susan M. Bazis
Susan M. Bazis
United States District Judge